UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JOHNSON,

        Plaintiff,           Civil Case No. 13-15092
                                        Honorable Linda V. Parker

v.

REDFORD, TOWNSHIP OF et al.

        Defendants.
_____/

**OPINION AND ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(b)(2) and 41(b)**

On September 11, 2014, Defendants filed a motion to compel discovery against Plaintiff. (ECF No. 17.) Plaintiff failed to notify the Court that he had been transferred to a different prison, and at the time Defendants filed their motion, neither the Court nor Defendants knew that the transfer had taken place. (Order, ECF No. 18 at Pg. ID 82.) When the transfer was brought to the Court's attention, the Court mailed the relevant pleadings, notices, and orders to Plaintiff's new address at the Chippewa Correctional Facility. (*Id.* at Pg. ID 82–83.) Further, on November 6, 2014, the Court issued an order – and mailed said order to Plaintiff's new address – requiring Plaintiff to inform the Court of his intent to continue litigation against Defendants by November 20, 2014, and to respond to Defendants' discovery request by December 6,

1

2014 if he intended to pursue litigation. (*Id.* at Pg. ID 83.) The order advised: "Failure to respond will result in the Court considering Defendants' motion to compel and perhaps the eventual dismissal of your lawsuit as a sanction." (*Id.*) Plaintiff has failed to comply with the Court's order. For the reasons that follow, Plaintiff's Complaint against Defendants is **DISMISSED** with prejudice.

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a lawsuit for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Additionally, Rule 37(b)(2) allows a district court to dismiss an action if a party violates an order compelling discovery. *See* Fed. R. Civ. P. 37(b)(2) (providing for sanctions, speaking in terms of orders). In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), the Sixth Circuit considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999) (internal citations omitted).

"Although no one factor is dispositive, dismissal is proper if the record demonstrates

delay or contumacious conduct." *Id.* All of the factors favor dismissal in the case at hand.

As Plaintiff has failed to both notify the Court of his intent to proceed, and to respond to Defendants' discovery requests, the first and third factors weigh in favor of dismissal.[1] As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of his claims. Indeed, Plaintiff has completely failed to participate in these proceedings – having not informed the Court as to his intended course of action, and having not responded to Defendants' discovery requests – all of which severely prejudices Defendants. Given Plaintiff's failure to participate in this litigation, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute and failure to respond to discovery requests.

Undoubtedly "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008)

---

[1] With respect to the first factor, it is not clear whether Plaintiff's failure to prosecute is due to willfulness, bad faith, or fault. Nevertheless, Defendants cannot be expected to defend an action which Plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case. Moreover, as outlined in the Court's November 6, 2014 order, before the order was needed, this Court and defense counsel had made repeated, unsuccessful attempts to contact Plaintiff and secure his involvement in the prosecution of this matter. (*See* ECF No. 18 at Pg. ID 81-83.)

(quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Nevertheless, the Sixth Circuit has found dismissal appropriate "when a pro se litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Plaintiff has abandoned his case, having not complied with the November 6, 2014 order. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 37(b)(2) and 41(b).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: January 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 14, 2015, by electronic and/or U.S. First Class mail.

    s/ Richard Loury
    Case Manager